**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

WILLIE T. SMITH,

                    Plaintiff,

    v.

DAWN JONES, *et. al.,*

                 Defendants.

Case No. 3:20-cv-00504-MMD-CLB

**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

[ECF Nos. 33, 34]

Before the Court is Plaintiff Willie T. Smith's ("Smith") motion for leave to file an amended complaint, (ECF Nos. 33, 34).[1] Defendant Dawn Jones ("Jones), filed a response, (ECF No. 43), and Smith replied (ECF No. 44). For the reasons discussed below, the motion for leave to file an amended complaint, (ECF No. 33), is granted.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On September 4, 2020, Smith filed a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Smith was incarcerated at the Ely State Prison ("ESP"). (ECF No. 1-1.) On May 11, 2021, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 3.) The screening order allowed Smith to proceed on a single Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Jones related to dental care and lack of pain management treatment. (*Id.* at 7-8.) The screening order also noted that Smith "alleges that the Doe dentist and the Doe Dental Assistant knew that Smith had a small cavity and indicated that Smith's tooth would be pulled, but they deliberately stabbed Smith in his mouth and cut his tooth rather than fixing the cavity or pulling the tooth, causing Smith great pain" and "if

---

[1]    ECF No. 33 is the motion for leave to file an amended complaint and ECF No. 34 is the proposed amended complaint.

1    Smith had used the true names of the dentist and dental assistant, this would be sufficient

2    at the screening stage for Smith to state a colorable claim against them." (*Id.* at 8.)

3         On September 1, 2021, Smith filed a motion for summary judgment. (ECF No. 15.)

4    Smith filed his motion two weeks before Jones filed an answer and before discovery

5    commenced. (ECF No. 22.) Accordingly, on December 6, 2021, the Court denied the

6    motion as premature. (ECF No. 28.) The same day a scheduling order was entered in this

7    case, with a deadline of February 4, 2022 for the parties to file any amended pleadings.

8    (ECF No. 29.) On December 10, 2021, Smith filed an appeal with the Ninth Circuit Court

9    of Appeals regarding the Court's order denying his motion for summary judgment as

10   premature. (ECF No. 31.) After filing his notice of appeal, Smith filed the instant motion for

11   leave to file an amended complaint. (ECF No. 33.) Smith ultimately voluntarily dismissed

12   his appeal. (ECF No. 37, 38.) Once the appeal had concluded and the mandate was

13   issued, the Court ordered Jones to file a response to the motion for leave to file an

14   amended complaint if she chose to do so. (ECF No. 41.) On February 16, 2022, Jones

15   filed her opposition to the motion for leave to amend. (ECF No. 43.)

16   **II.    LEGAL STANDARD**

17        Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give

18   leave [to amend a pleading] when justice so requires," and there is a strong public policy

19   in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

20   The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality."

21   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).

22   Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay;

23   (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the

24   plaintiff has previously amended his complaint. *See id.* at 1052. The factors do not weigh

25   equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.*

26   Defendants bear the burden of establishing prejudice, and absent its presence or a "strong

27   showing" under the other factors, there is a presumption in favor of permitting amendment.

28   *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id*. In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc*., 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998).

## III.  DISCUSSION

Smith moves to amend his complaint to name two Doe Defendants, Kelly Lyon and Don Adams, as well as Medical Director Michael Minev and Doe "U.R.P." members, to his Eighth Amendment deliberate indifference claim. (*See* ECF Nos. 33, 34.) Jones opposes the motion "due to [Smith's] failure to include his proposed Amended Complaint with his Motion." (ECF No. 43 at 2-3.) Jones also opposes the addition of the new Defendant, U.R.P., but does "not necessarily oppose any other additions in [Smith's] proposed Amended Complaint." (*Id*.) Further, Jones requests that if the Court is inclined to grant the motion, that the amended complaint be screened. (*Id*.)

Having reviewed Smith's proposed pleading, and given Jones's general non-opposition as discussed above, the Court finds that the motion for leave to file an amended complaint (ECF No. 33) should be granted, in its entirety, as it is not made in bad faith, would not cause undue delay to the litigation, is not prejudicial to defendants, and is the first amended pleading requested post-screening. *See Eminence Capital, LLC*, 316 F.3d at 1052. Further, the Court finds that Smith's amended complaint is not futile, because, liberally construed, he provides sufficient allegations that Defendants Jones, Lyon, Adams, Minev, and Doe URP members were personally involved in his dental treatment and lack of pain management in violation of the Eighth Amendment. (*See* ECF No. 34.)

Although Smith technically failed to comply with LR 15-1(a) by not attaching a proposed amended pleading to his motion, given Smith's *pro se* status and that the amended complaint was nonetheless filed on the docket, the Court does not find this to be an adequate basis to deny the motion.

Next, while the Court generally agrees with Jones's contention that Smith cannot state a claim against the Utilization Review Panel ("URP") as it is "an arm of the State of Nevada, and not a 'person' for purposes of 42 U.S.C. § 1983[,]"—the Court disagrees that Smith is attempting to name the <u>entity</u> URP as a Defendant, but rather he is seeking to conduct discovery to identify the <u>individual members</u> of the URP, which is permissible. (*See* ECF No. 44 at 2.) Generally, the use of "Doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the Court recognizes that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Therefore, Smith will be permitted to engage in discovery to attempt to learn the name of those Doe Defendants. If the identity of any of the Doe Defendants comes to light during discovery, Smith may either move to substitute the true names of Doe Defendants or move to amend his complaint to assert claims against the Doe Defendants at that time.

Finally, as to Defendant's request that the amended complaint be screened, the Court declines to do so. 28 U.S.C. § 1915A requires screening of a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. To be perfectly clear, courts in this district screen complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the Prison Litigation Reform Act's mandate for "early judicial screening." *Jones v. Bock*, 549 U.S. 119, 223 (2007); *see also Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir.

2014) (characterizing screening under § 1915A as the "pre-answer screening stage"). The decision to engage in post-answer court screening is made on a case-by-case basis. The present case, which consists of a single deliberate indifference count, with only a few defendants, is not the type of case that warrants post-answer screening.

**IV.    CONCLUSION**

Based upon the foregoing, **IT IS ORDERED** that Smith's motion for leave to file an amended complaint, (ECF No. 33), is **GRANTED**;

**IT IS FURTHER ORDERED** that the amended complaint, (ECF No. 34), is the operative complaint in this case;

**IT IS FURTHER ORDERED** that the complaint will **PROCEED** on the deliberate indifference to serious medical needs claim against Defendants Jones, Lyon, Adams, and Minev;

**IT IS FURTHER ORDERED** that if the true identity of any of the Doe URP Member Defendants comes to light during discovery, Smith may either move to substitute the true names of Doe URP Members or move to amend his complaint to assert claims against the Doe URP Members, at that time;

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Smith of whether it can or cannot accept service on behalf of Defendants Kelly Lyon, Don Adams, and/or Michael Minev. If the Attorney General's Office cannot accept service on behalf of Kelly Lyon, Don Adams, and/or Michael Minev, the Office shall file, under seal, but shall not serve on Smith, the last known addresses of Kelly Lyon, Don Adams, and/or Michael Minev, if it has such information. If the last known addresses of Kelly Lyon, Don Adams, and/or Michael Minev are a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical addresses. If service cannot be accepted for Kelly Lyon, Don Adams, and/or Michael Minev, Smith shall file a motion requesting issuance of a summons, specifying a full name and address for Kelly Lyon, Don Adams, and/or Michael Minev. If the Attorney General has not provided last-known-address

information, Smith shall provide the full name and address for Kelly Lyon, Don Adams, and/or Michael Minev; and,

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the amended complaint within sixty (60) days from the date of this order.

**DATED**:  March 7, 2022 .

_____

**UNITED STATES MAGISTRATE JUDGE**