UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE T. SMITH,<br><br>    Plaintiff,<br>v.<br>DAWN JONES, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-00504-MMD-CLB<br><br>ORDER |

On March 14, 2022, U.S. Magistrate Judge Carla L. Baldwin denied Plaintiff Willie T. Smith's motion for appointment of counsel. (ECF Nos. 42 ("Motion"), 48 ("Order").) Judge Baldwin denied Smith's Motion because she found that exceptional circumstances do not exist in this case. (ECF No. 48 at 2.) In so finding, she reasoned that there is a single Eighth Amendment claim for deliberate indifference to serious medical needs asserted against a single defendant relating to a single incident. (*Id.*) Judge Baldwin further noted that Smith has demonstrated throughout the course of this litigation that he is able to articulate his claims and that although he may only have an elementary school education and limited knowledge of the law, these circumstances are not exceptional in the context of prisoner civil rights cases. (*Id.*) Smith timely filed an objection seeking reconsideration of Judge Baldwin's order.[1] (ECF No. 50 ("Objection").) As explained below, the Court overrules Smith's Objection and affirms Judge Baldwin's order.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

---

[1] Defendants did not respond.

pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Court will overrule the Objection because Smith has not shown that Judge Baldwin clearly erred or ruled contrary to law. As Judge Baldwin correctly noted, there is no constitutional right to appointed counsel in a § 1983 action. *See Adir Int'l, LLC v. Starr Indemnity and Liability Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021) ("[T]his court has long held that there is no constitutional right to counsel in a civil case." (internal quotations and citation omitted)); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) ("There is no constitutional right to appointed counsel in a § 1983 action."), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). A district court may request that an attorney represent an indigent civil litigant, *see* 28 U.S.C. § 1915(e)(1), but only when the case presents "exceptional circumstances," *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

///

Smith does not argue that Judge Baldwin applied the wrong standard, but rather that she should have found that exceptional circumstances exist here. Smith gives three reasons why Judge Baldwin's Order should be reversed. First, Smith argues that the facts show he is likely to succeed on the merits of the claim and, further, his chances of success would improve if the Court requests counsel. (ECF No. 50 at 3-4.) Next, Smith claims that Judge Baldwin failed to consider the added complexity of the amended complaint. (*Id.* at 4-5.) Finally, Smith argues that although his past ability to litigate his case may have been adequate, preparing for trial will require greater skills and flexibility than he currently possesses. (ECF No. 50 at 6-7.)

The Court is not persuaded that any of these arguments demonstrate Judge Baldwin clearly erred. First, although Smith may have shown that he is likely to succeed on the merits, he must also demonstrate that his legal claims are sufficiently complex and that he lacks the ability to pursue them. *See Terrell*, 935 F.2d at 1017. A likelihood of success on the merits is not alone enough.

As to his second argument, the amended complaint also only asserts one claim relating to one incident, though Smith added defendants and elaborated on the facts supporting his claim. (ECF No. 34.) The Court agrees with Smith that the nature of the allegations he in the amended complaint are serious; however, claims may be very serious and still not overly complex. As explained in the Order and above, the Court's inquiry is focused on whether Smith is able to articulate his claims. The Court agrees with Judge Baldwin that Smith has demonstrated he is able to do so—his briefing is clear, organized, and supported by relevant caselaw and facts, and he has managed to pursue his claim diligently. Even assuming that Judge Baldwin only considered the original complaint, the Court finds that the amended complaint does not state claims that are too complex for Smith to continue without counsel.

Finally, though the Court agrees with Smith that trial is likely to present different challenges than pre-trial litigation, it is not apparent that he will be unable to manage pursuing his case *pro se*. While almost every *pro se* litigant would benefit from the

assistance of a competent attorney, the Court must find that the circumstances are exceptional before requesting pro bono counsel. *See Rand*, 113 F.3d at 1525. The demands of trial that Smith references—coordinating and preparing witnesses, choosing trial strategy, and presenting claims clearly to a jury—are tasks that every *pro se* litigator who goes to trial must deal with. Because the Court agrees with Judge Baldwin that Smith's circumstances are not "exceptional," the Court finds that Judge Baldwin's decision is not clearly erroneous or contrary to law.

It is therefore ordered that Smith's objection (ECF No. 50) to Judge Baldwin's March 14, 2022, order is overruled.

DATED THIS 5th Day of April 2022.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE