UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WILLIE T. SMITH, | Case No. 3:20-cv-00504-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAWN JONES, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Willie T. Smith brings this action against Defendants Dawn Jones, Keli Lyons, and Michael Minev under 42 U.S.C. § 1983. (ECF No. 34.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 77), recommending that the Court grant Defendants' motion for summary judgment (ECF No. 62 ("Motion")). Objections to the R&R were due November 4, 2022. To date, neither party has objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full and grants Defendants' Motion.

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). To start, Judge Baldwin correctly found that Defendants have demonstrated there is no dispute they were not deliberately indifferent to Smith's serious medical needs. (ECF No. 77 at 12.) *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (quotation marks omitted). As to Lyons, Judge Baldwin correctly concluded that Lyons, a dental assistant, did not have a decision-making role in Smith's dental procedure/treatment and there is no evidence that she knew of or disregarded an

excessive risk to Smith's health and safety. (*Id*. at 11.) *See Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). As to Jones, Judge Baldwin correctly found that she had limited involvement in Smith's treatment and there is no evidence that she delayed or refused care to Smith. (*Id*. at 11-12.)

Finally, Smith's claim against Minev is premised on the Utilization Review Panel's ("URP") improper deferral of his treatment to an outside provider. (*Id*. at 12.) However, the undisputed evidence shows that the delay was due to a need to acquire additional medical information, not due to a refusal to provide treatment, and the decision was not made in deliberate indifference to Smith's medical needs. (*Id*.) *See Toguchi*, 391 F.3d at 1057-58 (citation omitted). Accordingly, Defendants have met their burden and shown that there is no dispute they were not deliberately indifferent to Smith's serious medical needs. (*Id*. at 13.) However, Smith has failed to meet his burden because he never opposed Defendants' Motion, despite Judge Baldwin *sua sponte* granting him two extensions and warning him that if he failed to respond, Defendants' Motion will be submitted for decision. (ECF Nos. 70, 75.) *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court therefore adopts Judge Baldwin's R&R in full and grants Defendants' Motion.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 77) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 62) is granted.

It is further ordered that Defendants Doe URP Members are dismissed from this action because Smith failed to identify them by close of discovery.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th Day of November 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE